IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF IOWA
CEDAR RAPIDS DIVISION

| | | |
|---|---|---|
| BHFO, INC.,<br><br>Plaintiff,<br><br>v.<br><br>ELECTRONIC COMMUNICATIONS TECHNOLOGIES, LLC,<br><br>Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | Case No. 1:17-cv-00038<br><br>COMPLAINT FOR DECLARATORY JUDGMENT<br><br>JURY DEMANDED |

Plaintiff, BHFO, Inc. ("BHFO"), for its Complaint for Declaratory Judgment against Defendant Electronic Communications Technologies, LLC ("ECT" or "Defendant"), states as follows:

**NATURE OF THE ACTION**

1. This is an action seeking Declaratory Judgment that three United States Patents, U.S. Pat. Nos. 9,373,261, entitled Secure Notification Messaging with User Option to Communicate with Delivery or Pickup Representative (the "'261 Patent"); 7,876,239 entitled Secure Notification Messaging Systems and Methods Using Authentication Indicia (the "'239 Patent"); and 7,319,414 entitled Secure Notification Messaging Systems and Methods Using Authentication Indicia (the "'414 Patent") (collectively, the "Patents-in-Suit" or "ECT Patent Portfolio"), which are purportedly owned by Defendant, have not been infringed by Plaintiff, and/or are invalid, and are unenforceable.

2. This action arises under the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202, and the Patent Laws of the United States, Title 35 of the United States Code.

## THE PARTIES

3. BHFO is an Iowa corporation, with its principal place of business in Cedar Rapids, Iowa.

4. BHFO is in the business of online sale of apparel and housewares.

5. On information and belief, ECT is a Florida limited liability company with a principal place of business in Florida. On information and belief, ECT is the owner of the Patents-in-Suit and also is a continuation or successor in interest to Eclipse IP, LLC.

6. ECT is in the business of patent licensing through the threat of litigation. On information and belief, the primary business of ECT is the assertion and prosecution of claims regarding patents. A key part of ECT's business model is sending letters, emails, and making telephone calls threatening patent litigation and in some but not all instances following through on that threat. It has filed dozens of patent lawsuits in hopes of extracting settlements based on dubious patent claims.

## JURISDICTION AND VENUE

7. The Court has subject matter jurisdiction of this action under 28 U.S.C. §§ 1331 and 1338(a) in that it arises under the United States Patent Laws.

8. This Court has personal jurisdiction of the Defendant under the Iowa long-arm statute (Iowa R. Civ. P. 1.306) and the due process clause of the U.S. Constitution.

9. Venue is proper in this Court pursuant to 28 U.S.C. §§ 1391 and 1400. A substantial part of the events or omissions giving rise to this Complaint occurred in Cedar Rapids, Iowa, and BHFO has a regular and established place of business in this District.

## FACTUAL BACKGROUND

10. On or about March 2, 2017, ECT's counsel sent a letter to Stacie Sefton, the CEO of BHFO (the "March 2 letter"). A copy of the March 2 letter (without exhibits) is attached as Exhibit 1.

11. The March 2 letter allowed BHFO a mere 14 days in which to evaluate 337 pages of information, and demanded that BHFO provide "responsive claim charts," along with copies of all system documentation, manuals and any other materials that describe the components and functionality of BHFO's system. Alternatively, the March 2 letter demanded that BHFO pay a $30,000 license fee for the Patents-in-Suit.

12. ECT alleges in the March 2 letter that the "electronic messaging features of [BHFO's] online ordering system" infringes the claims of the ECT Patents, and provides purported examples of BHFO's alleged infringement of the ECT Patent Portfolio.

13. In particular, ECT claims that BHFO has infringed Claim 11 of the '261 Patent; Claim 54 of the '239 Patent; and Claims 23, 28 and 29 of the '414 Patent.

14. Each of the Patents asserted in the March 2 letter have as their ancestor a patent or patents previously held invalid.

15. ECT's March 2 letter, its pattern of litigation, and its threat to file litigation against BHFO show that there is a substantial controversy between the parties having adverse legal interest, of sufficient immediacy and reality to warrant the issuance of a declaratory judgment.

16. By offering a license to or threatening litigation on the entire ECT Patent Portfolio and providing representative examples of BHFO's alleged infringement of the ECT

Patent Portfolio, ECT has threatened to assert claims against BHFO for alleged infringement of one or more claims from each and every Patent-in-Suit.

**COUNT I**
**(Declaratory Judgment of Non-Infringement of the Patents-in-Suit/ECT Patent Portfolio)**

17. BHFO incorporates by reference and realleges each of the allegations set forth in the preceding paragraphs as though fully set forth herein.

18. BHFO conducts its business through several different online marketplaces, which electronically process and track customer orders. It does not operate its own online ordering system.

19. BHFO is not infringing, and has never infringed, any valid claim of the Patents-in-Suit either directly or indirectly, literally or in any other manner recognizable under patent law.

20. BHFO is entitled to a judgment declaring that it has never infringed and is not infringing any valid claim of the Patents-in-Suit.

**COUNT II**
**(Declaratory Judgment of Invalidity of the Patents-in-Suit/ECT Patent Portfolio)**

21. BHFO incorporates by reference and realleges each of the allegations set forth in preceding paragraphs as though fully set forth herein.

22. All of the claims of the Patents-in-Suit are invalid under the United States Patent Act, including pursuant to 35 U.S.C. §§ 101, 102, 103, and 112.

23. All three patents are closely related to and are materially indistinguishable from the patents found invalid in another case. Indeed, the ‘261 Patent (on which the ‘239 Patent and ‘414 Patent rely) claims priority to the patents invalidated in that case. *See Eclipse IP, LLC*

*v. McKinley Equip. Corp*., No. 8:14-cv-742, 2014 WL 4407592 (C.D. Cal. Sept. 4, 2014). After initially pursuing an appeal of that decision in *Eclipse IP, LLC v. McKinley Equip. Corp*. ECT f/k/a Eclipse IP, LLC voluntarily dismissed the appeal two weeks after it was docketed.

24. All of the claims of the Patents-in-Suit are invalid pursuant to 35 U.S.C. § 101 because they purport to claim unpatentable abstract concepts, rather than useful composition, process, device or other patentable subject matter.

25. All of the claims of the Patents-in-Suit are invalid pursuant to 35 U.S.C. §§ 102 and/or 103 because they are anticipated or rendered obvious by prior art**.**

26. All of the claims of the Patents-in-Suit are invalid pursuant to 35 U.S.C. § 112 because they are indefinite, not enabled, or lack sufficient written description.

27. Based on ECT's letter, its threat of litigation for patent infringement, its pattern of litigation, and BHFO's denial of infringement, an actual case or controversy exists as to whether BHFO infringes any valid or enforceable claim of the Patents-in-Suit, and BHFO is entitled to a declaration that the claims of the Patents-in-Suit are invalid.

## REQUEST FOR RELIEF

WHEREFORE, Plaintiff BHFO, Inc. respectfully requests entry of a declaratory judgment as follows:

1. That BHFO has not infringed any claim of the patents in the ECT Patent Portfolio;

2. That the claims of the patents comprising the ECT Patent Portfolio are invalid;

3. That the claims of the patents comprising the ECT Patent Portfolio are unenforceable;

4. That BHFO be awarded its costs of suit, and pre- and post- judgment interest on any money judgment;

5. That the Court declare this to be an exceptional case pursuant to 35 U.S.C. § 285, and award BHFO its reasonable attorney's fees;

6. For such other relief as the Court deems proper.

**JURY DEMAND**

Plaintiff demands a jury trial on all claims as to which it has a right to a jury.

*/s/ Vernon P. Squires*

VERNON P. SQUIRES (#LI0014929)
Direct Dial: (319) 861-8726
Email: vsquires@bradleyriley.com
WILLIAM T. MCCARTAN (#LI0014446)
Direct Dial: (319) 861-8737
Email: bmccartan@bradleyriley.com
of
BRADLEY & RILEY PC
2007 First Avenue SE
P.O. Box 2804
Cedar Rapids, IA 52406-2804
Phone: (319) 363-0101
Fax: (319) 363-9824

*ATTORNEYS FOR THE PLAINTIFF BHFO, INC.*